

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-18-2005

# Shierly v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3030

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Shierly v. Atty Gen USA" (2005). *2005 Decisions*. Paper 683.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/683

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3030
_____

FNU SHIERLY; LOTFI HAMLAOUI,
Petitioners

v.

ATTORNEY GENERAL
OF THE UNITED STATES,
Respondent

_____

On Petition for Review from an Order of the Board of Immigration Appeals
(Agency Nos. A95-153-146 and A95-153-147)

_____

Submitted Under Third Circuit LAR 34.1(a)
March 22, 2005

Before: ROTH, MCKEE AND ALDISERT, CIRCUIT JUDGES

(Filed August 18, 2005)

_____

OPINION

_____

PER CURIAM.

Fnu Shierly and her husband, Lotfi Hamlaoui, seek review of a order of the Board

of Immigration Appeals affirming the denial of Shierly's application for asylum.  For the

reasons that follow, we will deny the petition for review.

Shierly is a thirty-year-old native and citizen of Indonesia. She entered the United States on September 11, 2000, with a student visa to attend a university. On November 1, 2001, the former Immigration and Naturalization Service (INS) issued a Notice to Appear in which it charged Shierly as removable for having failed to attend the university, a condition for maintaining her visa status. The INS issued a separate Notice to Appear to Hamlaoui, a citizen of Tunisia, charging that he overstayed his visitor visa. Shierly and Hamlaoui conceded removability, and Shierly applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Hamlaoui did not apply for relief on his own but sought derivative relief based on his wife's asylum claim.

Shierly claimed that she is a Christian of Chinese ethnicity and was subjected to persecution in Indonesia on that basis. In her testimony before the Immigration Judge (IJ), Shierly stated that when she was eleven years old, a group of ethnic Indonesians approached her and "groped" her arm. Shierly believed this amounted to persecution because at times people called her names like "stinking Chinese," and because she felt that, as an ethnic Chinese, she "had no freedom to go places" given the harassment by ethnic Indonesians. At age twenty, while riding in a pedicab, two boys approached Shierly and touched her on the leg. They remarked upon Shierly's Chinese ethnicity. In a third incident that occurred sometime thereafter, and again while riding in a pedicab, Shierly was allegedly touched in an inappropriate manner by ethnic Indonesians. Then, on December 9, 1999, an individual passed Shierly on a street in the city of Cilegon and

2

exposed himself to her. As Shierly tried to walk away, he pull her hair, but Shierly managed to elude the individual and he ran off. Shierly's mother called the police, but the police took no action. After this incident, Shierly stopped attending a beauty school out of fear that a similar incident would happen again. She returned home to her family in Serang. Her father advised her to leave Indonesia, and Shierly decided on the United States. A month before her departure, a burglary took place at her father's jewelry store. Shierly claimed that the burglary was ethnically motivated.

Shierly testified that she fears a return to Indonesia based on her past experiences, possible future persecution due to her ethnicity and religion, and because of "terrorism." The IJ found Shierly's testimony "basically credible," but concluded that the incidents recounted did not amount to persecution. In particular, the IJ found that the three incidents in which Shierly was touched inappropriately in public places amounted to lawlessness or street crime, but not persecution. In addition, the IJ found that the incident of indecent exposure, albeit a traumatic event for Shierly, did not rise to the level of persecution, and there was no evidence that the act was ethnically motivated. Because not all offensive or unlawful conduct rises to the level of persecution, the IJ found that Shierly did not establish a claim for asylum based on past events, and further found that she failed to demonstrate a well-founded fear of future persecution. Accordingly, the IJ denied Shierly's asylum application and Hamlaoui's derivative application. The IJ also denied withholding of removal and CAT relief, and permitted voluntary departure.

3

After the BIA affirmed without opinion, Shierly and Hamlaoui timely filed a petition for review in this Court. Because the BIA affirmed without opinion, we review the IJ's decision. Abdulai v. Ashcroft, 239 F.3d 542, 549 n.2 (3d Cir. 2001).

Shierly challenges the IJ's denial of her asylum application, claiming, among other things, that her credible testimony was enough to establish that she suffered past persecution. Appellant's Br. at 9-10.[1] To establish "past persecution" and entitlement to asylum, Shierly must show: (1) an incident, or incidents, that constituted persecution; (2) that occurred on account of one of the statutorily-protected grounds (i.e., race, religion, nationality, membership in a particular social group, or political opinion); and (3) were committed by the government or forces the government is either unable or unwilling to control. Berishaj v. Ashcroft, 378 F.3d 314, 323 (3d Cir. 2004). Our controlling definition of persecution is a narrow one– it includes "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993). Thus, "persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Fatin, 12 F.3d at 1240. Whether Shierly qualified for asylum is a factual determination, which this Court must review under the substantial evidence standard. Shardar v. Ashcroft, 382 F.3d 318, 323 (3d Cir. 2004). As such, the IJ's determination must be

---

[1] Shierly did not challenge before the BIA the denial of her claims for withholding of removal and CAT relief, and she does not expressly pursue those claims in her brief before this Court. Accordingly, we address her asylum claim only.

4

upheld unless the evidence of record compels a contrary conclusion.  INS v.

Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992).

We find ample support for the IJ's decision.  As the IJ determined, the three

incidents of inappropriate touching and the one incident of indecent exposure– whether

viewed individually or collectively– do not amount to persecution under the controlling

law.  Cf. Lie v. Ashcroft, — F.3d —, 2005 WL 278694 (3d Cir. Feb. 7, 2005) (holding

that ethnic Chinese Indonesian's "account of two isolated criminal acts, perpetrated by

unknown assailants, which resulted only in the theft of some personal property and a

minor injury, is not sufficiently severe to be considered persecution").  In addition, the

other events Shierly has recounted, such as ethnic slurs and the robbery of her father's

jewelry store, simply do not meet the definition of persecution as set forth in Fatin.  Thus,

the IJ properly denied Shierly's claim for asylum based on past persecution.

Furthermore, after a review of the record, we are also satisfied that substantial

evidence supports the IJ's determination that Shierly did not establish a well-founded fear

of future persecution.  Cf. Lie, 2005 WL 278694 (finding that petitioner "failed to

establish either that she faces an individualized risk of persecution or that there is a

'pattern or practice' of persecution of Chinese Christians in Indonesia").

For these reasons, we will deny the petition for review.